UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Fito Godinez,                                    ) C/A No. 2:12-3612-JFA-BHH
                                                 )
                          Petitioner,            )
                                                 )
vs.                                              ) **REPORT AND RECOMMENDATION**
                                                 )
Joseph McFadden, *Warden*,                       )
                                                 )
                          Respondent.            )
_____                  )

## I. Introduction

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition (ECF No. 1) was filed pro se on December 21, 2012. Respondent filed a return (ECF No. 21) and motion for summary judgment (ECF No. 20) pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on June 6, 2013. As the Petitioner is proceeding pro se, a Roseboro order (ECF No. 22) was entered by the Court on June 7, 2013, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After being granted an extension of time to file a response (ECF No. 24), Petitioner filed his response in opposition to summary judgment (ECF No. 29), on August 8, 2013. This matter is now before the Court for disposition.[1]

_____

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e) (D.S.C.). Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

## II. <u>Procedural History</u>

Petitioner was indicted in the March 2006 term of the Dorchester County Grand Jury for murder (Indictment No. 2006-GS-18-0065) and burglary, first degree (Indictment No. 2006-GS-18-0066). (Return ("R."), ECF No. 21-1, pp. 74, 81-84). Petitioner was represented by Mary LeMatty, Esquire, and, on August 7, 2007, pled guilty to murder in Dorchester County General Sessions Court before the Honorable James C. Williams, Jr. <u>See</u> (R. 21-1, pp. 3-31). Petitioner was sentenced to forty (40) years imprisonment. (R. 21-1, p. 30). Petitioner did not appeal his conviction and/or sentence.

Petitioner filed a <u>pro se</u> Application for Post Conviction Relief ("APCR") in state circuit court on February 15, 2008. <u>Godinez v. State of South Carolina</u>, No. 2008-CP-21-1165. (R. 21-1, pp. 32-37). Petitioner raised the following issues in his APCR: (1) involuntary, unknowing and unintelligent guilty plea; (2) ineffective assistance of counsel; (3) due process violations. (R. 21-1, p. 33). Specifically, Petitioner alleged:

> My attorney did not consult the rights I was waiving, did not consult the elements of the charges and the consequences of my pleading guilty. Attorney failed to prepare a defense, failed to file and perfect a direct appeal, fail to fully consult and test prosecution's evidence. Denied right to speedy trial, denied right to jury trial, denied full disclosure and correct statement of law with regard to waiver of constitutional and statutory rights.

(R. 21-1, p. 34). Petitioner alleged that his reason for not filing a direct appeal was "I was not consulted by my attorney on my appeal rights," (R. 21-1, p. 33), and stated that the three grounds presented in his APCR were not previously presented because of "ineffective counsel," "counsel's failure to consult on appellate rights," and "counsel's failure to perfect an appeal." (R. 21-1, p. 33).

2

The State made its return to the application on June 30, 2008. (R. 21-1, p. 38-42). Petitioner was appointed counsel, Barbara Holmes, Esquire, to represent him, and an evidentiary hearing was held, on September 8, 2010, before the Honorable Diane S. Goodstein. (R. 21-1, pp. 43-73). At the conclusion of the hearing, the PCR Judge found Petitioner's testimony not credible, but stated that she would continue to review the record. The PCR Judge issued a formal written order, dated February 15, 2011 and filed on March 25, 2011, denying Petitioner's APCR in its entirety. (R. 21-1, pp. 74-80).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense. Appellate PCR counsel filed a Johnson[2] petition, seeking to be relieved as counsel, on the basis that he had reviewed the records and transcript of Petitioner's PCR hearing and in his opinion seeking certiorari from the order of dismissal was without merit. According to the Johnson petition, the one arguable legal issue which arose during the PCR process was:

> Whether defense counsel was ineffective in giving petitioner incorrect sentencing advice?

See (R. 21-2, p. 1-8). Petitioner filed a pro se response to appellate PCR counsel's Johnson petition, raising two issues:

> (a)    Did the PCR Court err in failing to find Counsel ineffective when Counsel failed to move the Court to enforce the oral plea agreement?

---

[2]  Johnson v. State, 364 S.E.2d 201 (S.C. 1998). The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." Johnson, 294 S.C. at 310. The state court adheres to this requirement even though the United States Supreme Court has held, in Pennsylvania v. Finley, 481 U.S. 551(1987), that such a review is not required. Id.

> (b)    Did the PCR Court err in failing to find Counsel ineffective for failing to file a Notice of Appeal on Petitioner's behalf?

See (R. 21-5, p. 1-13).  The South Carolina Supreme Court denied certiorari and granted

appellate PCR counsel's request to be relieved, on July 30, 2012.  See Godinez v. State,

Order dated July 30, 2012; (R. 21-6).  The Remittitur was sent down on August 17, 2012.

See Remittitur (dated August 17, 2013; (R. 21-7).

### III.  Factual Background

At Petitioner's guilty plea, the solicitor offered a general factual basis of the charges

against Petitioner and the basis of the plea.  These facts included that the victim was found

in her own home by her sister.  The victim's young daughter had spent the night with the

victim's sister, and the victim failed to pick up her daughter the next day:

> … she had been unable to get in touch with her by telephone, so she ultimately ended up going over to the residence to look for her. She was partially clothed with just a long T-shirt on, lying over the end of her bed, and she had been stabbed multiple times in the chest. The autopsy ultimately ended up showing that she was stabbed three times in the chest, had a superficial stab wound to her scalp, and contusions and injuries to her throat consistent with having been strangled….

(R. 21-1, pp. 18-20).  The investigation focused on Petitioner, the victim's next door

neighbor. (R. 21-1, p. 18).  Petitioner later confessed and provided other evidence of guilt:

> He … confessed to beating and stabbing Ms. Matthews, indicating that he had become upset with her when she basically interfered in a domestic squabble that he had been having with his girlfriend who also resided in that trailer next door.  He also led the Dorchester County Sheriff's Office to a bridge off of Old Orangeburg Road where he had indicated he had thrown the knife that was used to stab Ms. Matthews.  That knife was recovered in the location that Mr. Godinez took them to.  He also took them to where he had disposed of some of the clothing that he was wearing that had gotten blood on them.  That knife was processed and swabs sent out to the state law enforcement division which did come back showing having Ms. Matthews's blood, her DNA on the knife.  Additionally, some fingernail scrapings and clippings that were taken during the autopsy ended up coming

4

back showing this Defendant's DNA that were underneath her fingernails at the time.

(R. 21-1, p. 18-20).  Neither Petitioner nor plea counsel contested the facts presented.

Plea counsel added, however, that Petitioner was "very remorseful and very sorry.  Anger

was involved, alcohol was involved." (R. 21-1, p. 29).  She added that Petitioner was "very

sorry" for "what he did," and was "taking responsibility for" his actions.  Plea counsel

requested leniency on the remorse and acceptance of responsibility.  (R. 21-1, pp. 29-30).

After Petitioner's PCR hearing, the PCR court entered its final order of dismissal,

findings of fact and conclusions of law, as follows:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing.  This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly.

> The PCR Court noted that the burden of proof is on the applicant to prove his allegations by a preponderance of the evidence, Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing S.C. R. Civ. P. 71.1(e)).  Where ineffective assistance of counsel if alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 692-93 (1984), Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).  The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases.  Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Butler, Id.  The applicant must overcome this presumption to receive relief.  Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).  First, the applicant must prove that counsel's performance was deficient.  Under this prong, attorney performance is measured by its "reasonableness under professional norms."  Cherry, 300 S.C. qt 117, 385 S.E.2d at 625 (citing Strickland, supra).  Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome

5

of the trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland). With respect to guilty plea counsel, the applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, (1985).

Failure to Investigate.

Applicant asserts that Counsel failed to adequately investigate his case. Applicant now states that both his confession and his admissions during his plea were false and that another person committed the crime. Applicant stated that he asked his attorney to speak with a friend of his who spoke English and that he told his attorney he had not committed the crime.

Counsel testified that there was an interpreter present when she met Applicant at the courthouse. Counsel met Applicant when he was transported to Dorchester from Charleston County. Counsel recalled that she had spoken to a female friend of Applicant's who was concerned, but Counsel stated that Applicant provided no names of exculpatory witnesses. Counsel affirmed that she had explained the charge of murder and what the State would have to prove. Counsel stated that they discussed the evidence in the case prior to the plea. Counsel testified that Applicant had always been interested in a plea.

According to the plea transcript and testimony, evidence in the case consisted of Applicant's confession to stabbing the victim. Applicant had also led investigators to a location where he had discarded the murder weapon. The knife recovered there tested positive for the victim's blood. Applicant's DNA was also found on fingernail scrapings taken from the victim. During his plea, Applicant affirmed his guilt. (Tr. p. 13, lines 10-13.)

Applicant has failed to carry his burden of proof [o]f demonstrating deficient performance under these circumstances. I find Counsel's testimony to be credible and find Applicant completely lacking credibility. I further find that Applicant has failed to produce any credible evidence that would have affected his decision to plead guilty. See for example Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (no prejudice where claim of failure to investigate is supported only by mere speculation as to the result). For these reasons, I find that counsel was not ineffective with regard to her investigation.

Sentence Advice

Applicant further asserts that his. plea was involuntary because it was induced by Counsel's promise that he would receive a thirty (30) year

sentence if he pled guilty.  An interpreter was present with Applicant during his guilty plea.  Applicant acknowledged at [the] PCR hearing that the plea judge had informed him that he could be sentenced "between thirty years and life." (Tr. p. II, lines 6-9; p. 13, lines 13-17.)  Applicant informed the plea court that no promises had been made. (Tr. p. 13; lines 16-17.) Nonetheless, Applicant asserts that he was surprised to receive a sentence of forty (40) years and would not have pled guilty if he thought he could receive such a sentence.  Based on a review of the plea transcript and observation of the witness at [the] PCR hearing, I find Applicant completely lacking in credibility. Moreover, any misapprehension Applicant may have had about his potential sentence was cured during the plea colloquy. Wolfe v. State, 326 S.C. 158,485 S.E.2d 367 (1997).  Applicant clearly understood that he could receive up to a life sentence. Applicant's hope that his plea would result in a minimal sentence does not equal a misapprehension regarding the range of sentences possible. Therefore, I find no error by Counsel in this regard. Further, Applicant has failed to demonstrate prejudice.  Applicant acknowledged his awareness that he could receive a life sentence as a result of his plea.  Therefore his contention that he would not have pled had he known he could receive a sentence of forty ( 40) years strains credulity.

Belated Appeal

       The plea transcript reflects that Applicant was informed of his right to an appeal and that his attorney could tell him how to file an appeal.  (Tr. p. 14, line 19 - p. 15, line 2.) Applicant testified that he thought there was nothing else to do because he had pled guilty and that his attorney told him she could not do anything because he pled guilty.  Counsel stated that they did not have a conversation about an appeal after Applicant's plea.

       Based on the testimony, it appears that Counsel did not consult with Applicant about an appeal following his guilty plea nor did Applicant specifically request an appeal.  Counsel has a constitutionally-imposed duty to consult with a defendant about an appeal when there is reason to think either (I) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470,120 S.Ct. 1029 (2000). Counsel's reasonableness in this regard will be based on all the information counsel knew or should have known.  A highly relevant factor is whether the conviction was a result of a guilty plea.  In the instant case, Applicant entered a guilty plea.  The plea court informed him that he should file a notice of appeal within ten days and that his attorney could tell him how to do so.  There is no credible evidence that Applicant requested an appeal be filed.  Applicant has pointed to no non-frivolous issue which could have been raised on appeal.  Counsel also testified that Applicant had desired to

7

enter a guilty plea all along, thus seeming to have a desire to end the proceedings. Based on these circumstances, I find Counsel's failure to consult with Applicant regarding an appeal not unreasonable in this case.

Other Allegations

No other allegations were raised at the PCR hearing. Therefore any additional allegations are deemed waived because no evidence was presented.

CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this [C]ourt to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

This Court advises Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order to secure the appropriate appellate review. His attention is also directed to South Carolina Appellate Court Rule 243 for appropriate procedures after notice has been timely filed.

IT IS THEREFORE ORDERED:

1.    That the Application for Post-Conviction Relief must be DENIED AND DISMISSED WITH PREJUDICE; and

2.    The Applicant must be remanded to the custody of the Respondent.

(R. 21-1, pp. 43-73).

On August 11, 2011, Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, filed a <u>Johnson</u> Petition for Writ of Certiorari. (ECF No. 21-2.) Therein, Petitioner raised the following issue: "Whether defense counsel was ineffective in giving petitioner incorrect sentencing advice?" (ECF No. 21-2 at 3 of 8.) Mr. Pachak also filed a petition to be relieved as counsel. (<u>Id</u>. at 7 of 8.) Petitioner filed a *pro se* brief wherein he raised the following issues:

(a) Did the PCR court err in failing to find Counsel ineffective when Counsel failed to move the Court to enforce the oral plea agreement?

(b) Did the PCR court err in failing to find Counsel ineffective for failing to file a Notice of Appeal on Petitioner's behalf?

(ECF No. 21-5 at 3 of 13.)

In an order dated July 30, 2012, the Supreme Court of South Carolina entered an order denying the petition for writ of certiorari, and granting counsel's request to be relieved. (ECF No. 21-6.) The matter was remitted to the lower court on August 17, 2012. (ECF No. 21-7.) Shortly thereafter, Petitioner filed the instant federal habeas petition. (See ECF No. 1.)

## IV.  **Habeas Petition**

Petitioner raises the following issues in his § 2254 petition:

**Ground One:** Whether defense counsel was ineffective in giving Petitioner incorrect sentencing advice.

**Supporting Facts:**  Petitioner testified at the PCR hearing that defense counsel told him that he would receive a 30-year sentence if he pled guilty, and if he went to trial he would receive a life sentence.  ECF No. 21, p. 4.  Petitioner argues that LeMatty's incorrect advice on sentencing unquestionabl[y] fell below an objective standard of reasonableness. Petitioner alleges that, had LeMatty acted with reasonable professional competence, Petitioner would not have entered the plea, and but for counsel's deficient performance, the result of his proceeding would have been different.  ECF No. 29, p. 7. Petitioner claims that the failure to correctly communicate a plea rendered the subsequent guilty plea unknowing, unintelligent, and involuntary because it left Petitioner unaware and unable to choose between the alternatives that would have been available but for LeMatty's deficient performance.  ECF No. 29, p. 8.  Petitioner submits that the lower court misapplied Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52 (1985) to the facts of this case.  Petitioner asserts that the PCR judge made an objectively unreasonable decision that counsel was not ineffective in light of facts showing counsel's performance was severely deficient compared to professional norms of competence. Petitioner alleges that he suffered prejudice in receiving a more onerous sentence than that conveyed by LeMatty and that he is entitled to federal habeas relief.  Petitioner further submits that Respondent did not meet the burden on summary judgment, and Petitioner

9

requests that counsel be appointed and an evidentiary hearing be ordered.  ECF No. 29, p. 9.

**Ground Two:**  Trial counsel did not provide the effective assistance of counsel by failing to motion the trial court to enforce the oral plea agreement.

**Supporting Facts:**  Petitioner testified at the PCR hearing that counsel informed him there was an agreement to a thirty (30) year sentence in exchange for his guilty plea. ECF No. 21, p. 4.  Petitioner testified that counsel told him that, if he would plead guilty, he would receive thirty (30) years and, if he went to trial, he would receive life in prison. Petitioner testified that he did not understand his case but he thought the best thing he could do was take counsel's advice and plead guilty in order to avoid the life sentence threatened.  Petitioner testified that, on the morning prior to entering the courtroom, counsel had him sign a sentencing sheet, before the interpreter arrived and the sentencing sheet was in English.[3]  Petitioner testified that, had he known he would receive forty (40) years, he would not have pled guilty but would have insisted on going to trial.  Petitioner testified to being confused when the judge sentenced him to other than thirty (30) years. Petitioner contends that the state court record contains testimony that creates a material issue of fact which precludes summary judgment.  Petitioner asserts that the PCR judge made an objectively unreasonable decision, based on the facts in light of the evidence in the record as a whole.  Petitioner alleges that his trial counsel had a duty to move  to enforce the oral plea agreement presented to the Petitioner.  Petitioner also alleges that his PCR counsel had a duty to properly present and preserve this matter for review.  ECF No. 29., p. 10.  Petitioner asserts that counsel was ineffective in failing to have the plea

---

[3]  Petitioner testified at the PCR evidentiary hearing that he is from Mexico and his native language is Spanish, though he has picked up some English from his work here.  (R. 21-1, pp. 49-51).  Petitioner was provided a qualified interpreter at the plea and at the PCR hearing.  (R. 21-1, pp. 5-7, 46-47).  Plea counsel also testified that she spoke with her client with the aid of an interpreter.  (R. 21-1, p. 66).  At the plea, Petitioner advised the plea judge that he understood "English fairly well," though an interpreter was there for him.  (R. 21-1, p. 11).  The plea judge was cautious and advised Petitioner that it was important for him to understand and that the judge did not "want [Petitioner] to answer a question unless [Petitioner] fully underst[ood] that question."  Id.  At the PCR hearing, the PCR judge was equally cautious, as illustrated in the following colloquy: "THE COURT: Mr. Godinez, you are being assisted by a very fine translator.  In order for her to do her work effectively, if you do not understand her translation, you must let her know.  THE WITNESS: Okay.  THE COURT: She is preeminently qualified, but it is your responsibility to be sure that you understand her translation.  I have absolutely no objection to your participation, to be sure that you are understanding what is being said. ... THE WITNESS: Okay.  THE COURT: If others are speaking and you do not understand, Ms. Hernandez will let us know that you need things repeated.  But you must let her know if you need things repeated.  THE WITNESS: Okay.  THE COURT: Do you understand?  THE WITNESS: Yes." (R. 21-1, p. 48-49).

agreement enforced, based on the detrimental reliance exception. Petitioner alleges that his counsel's deficient performance prejudiced Petitioner because he felt that he had to plead or he would receive a life sentence, as threatened by counsel. Petitioner does not allege that his counsel's performance was deficient because she failed to secure the most advantageous plea possible. He alleges that trial counsel failed to act as a reasonably competent attorney when she failed to enforce the plea that she communicated to Petitioner and upon which Petitioner relied to his detriment. Petitioner asserts that the difference between the sentences communicated by the plea, i.e. thirty (30) years, and the sentence that Petitioner actually received, i.e. forty (40) years, is not evidence of counsel's deficient performance; it is evidence of the prejudice petitioner suffered as a result of counsel's deficient performance. But for counsel's detrimental performance, Petitioner claims that the outcome of the proceedings would have been different. The appropriate remedy, the only remedy, according to Petitioner, is to restore Petitioner to the position he would have occupied had counsel not been ineffective. ECF No. 29, p. 11. Petitioner submits that a genuine issue of material fact exists to preclude summary judgment and warrant appointment of counsel and an evidentiary hearing; the appropriate remedy, otherwise, is to place Petitioner in the position he was or to enforce specific performance.

ECF No. 29, p. 12.

Respondent asserts that the PCR court found that no agreement to a thirty (30) year sentence existed, thus Petitioner's counsel could not possibly have been ineffective by failing to move the trial court to enforce a non-existent plea agreement. Moreover, Respondent asserts that Ground Two is procedurally defaulted and Petitioner is barred from relief as this ground was not raised and ruled upon by the PCR Court. Petitioner submits that this issue was included in his <u>pro</u> <u>se</u> response to appellate PCR counsel's <u>Johnnson</u> petition and was considered by the South Carolina Supreme Court when it denied Petitioner's petition for writ of certiorari. Respondent argues that, while it is possible to exhaust a claim for habeas purposes by way of an <u>Anders</u> brief on direct appeal or a Johnson petition for writ of certiorari following the denial of a PCR, in this case, the PCR court failed to specifically rule on the issue and it was precluded from appellate review on the merits. <u>See</u> <u>Marlar v. State</u>, 375 S.C. 407, 408, 653 S.E.2d 266, 266 (2007). This procedural bar has been acknowledged as a "consistently" applied state-law based

11

procedural rule for purposes of a default analysis, at least after clarification in the November 5, 2007 Marlar opinion; see Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009) (finding that the rule was not consistently applied until the Supreme Court of South Carolina clarified same in Marlar).   Respondent argues that Petitioner's APCR, having been decided by the PCR court's order dated February 15, 2011 and filed March 25, 2011, is subject to this bar.

Petitioner argues that, even if this issue is subject to procedural bar, Petitioner's PCR counsel, Ms. Holmes, "failed to provide effective assistance of counsel by not objecting to or moving to enforce the oral plea agreement."  ECF No. 29, p. 5.  Petitioner asserts that, pursuant to Martinez v. Ryan, 132 S.Ct. 1309 (2012) and Trevino v. Thaler, 133 S.Ct. 1911 (May 28, 2013), his PCR counsel's "failure, itself amounting to ineffective assistance, was the 'cause' of, and ought to excuse, his procedural default."  ECF No. 29, p. 6.  Petitioner suggests that the "relief tailored to remedy this procedural default is that this Court remand[] Ground Two to be completely exhausted by the South Carolina collateral court."  Id.  Ground Two and the issue of exhaustion and procedural bar are discussed, in detail, below.

**Ground Three:**  Did the PCR Court err in failing to find counsel ineffective for failing to file a Notice of Appeal on Petitioner's behalf?

**Supporting Facts:**  Petitioner testified that he did not knowingly waive his right to a direct appeal following sentencing.  ECF No. 21, p. 5.  Petitioner testified at the PCR hearing that, with respect to filing a direct appeal, the plea judge told Petitioner "I'm sure Ms. LeMatty will tell you how to do that."  Petitioner testified that LeMatty informed him that he had already made a decision to enter a guilty plea and there was nothing he could do to change that.  At the PCR hearing, on cross-examination, LeMatty testified that she could not remember a conversation with Petitioner after his conviction regarding an appeal, or whether Petitioner had asked her to file an appeal.  Petitioner asserts that counsel recognized that he had difficulty with English and was obligated to ask him if he wished to file an appeal.  ECF No. 29, p. 12.  Petitioner claims that the PCR court made an

objectively unreasonable determination of the facts in light of the record as a whole when, weighing the instruction of Judge Williams in counsel's presence and Petitioner's language barrier and the testimony at the PCR hearing, it found that there was no credible evidence that Petitioner requested that an appeal to be filed.  Petitioner alleges that the record clearly indicates counsel's cognizance of the issue and Petitioner's desire to appeal, especially in light of Petitioner's confusion over LeMatty's plea offer not being followed. Petitioner suggests that the circumstances in this case are similar to the circumstances in Singleton v. Eagleton, 425 F,. App'x 228, 231 (4th Cir. 2011) and that the clearly established law of Roe v. Flores-Ortega, 528 U.S. 470 (2000) dictates that counsel has a duty to file an appeal.  Petitioner argues that this precedent was followed in the Fourth Circuit by United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000).  Petitioner argues that there is no question under the Strickland standard that the resulting prejudice here is the denial of Petitioner's right to an appeal, thus this matter must be remanded because there is a genuine issue of material fact in light of the record, which precludes summary judgment.

ECF No. 29, p. 13.

In summary, Petitioner argues that he testified at the PCR hearing that his counsel,

LeMatty, instructed Petitioner to plead guilty and that he would receive a thirty (30) year

sentence.  Petitioner testified that LeMatty told him that if he went to trial he would receive

life imprisonment.  Petitioner testified that, if he had known he was going to receive forty

(40) years, he would not have pled guilty but would have elected to go to trial.  Petitioner

asserts that these facts indicate assistance of counsel below the professional norms in

incorrectly advising Petitioner on sentencing and failing to move the court to enforce the

oral plea agreement for thirty (30) years.  Petitioner asserts that these facts indicate that

Petitioner relied to his detriment on the advice of counsel. Petitioner asserts that the record

is replete with indications that Petitioner, a Mexican immigrant, could not read or write

English and had difficulty understanding English.  ECF No. 29, p. 2. Petitioner testified that

he met with LeMatty only four (4) times, and counsel was not accompanied by an

interpreter any of those times, although LeMatty insisted that she would bring an

interpreter.  Petitioner testified at the PCR hearing that he was induced to sign the

sentencing sheet without an interpreter present.  Petitioner asserts that his PCR counsel,

Ms. Holmes, provided ineffective assistance of counsel in failing to properly amend,

present and preserve the issue of LeMatty's not moving the PCR Court to enforce the oral

plea agreement.  ECF No. 29, p. 3.

## V. <u>APPLICABLE LAW</u>

### *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved

for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file, together with
> the affidavits, if any, show that there is no genuine issue as to any material
> fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must

demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is

entitled to summary judgment as a matter of law.  As to the first of these determinations

a fact is deemed "material" if proof of its existence or nonexistence would affect the

disposition of the case under the applicable law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that

a reasonable jury might return a verdict for the non-movant.  <u>Id</u>. at 257.  In determining

whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party.  <u>United States v.

Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

to the court that there is no genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477

14

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  Id. at 324.  While the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.  Under this standard, the existence of a mere scintilla of evidence in support of the Petitioner's position is insufficient to withstand the summary judgment motion.  Anderson, 477 U.S. at 252.

15

### *Habeas Standard of Review*

Because Petitioner filed this Petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v.

Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant

habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  As "a determination

of a factual issue made by a State court shall be presumed to be correct," a petitioner has

"the burden of rebutting the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1).  With respect to reviewing the state court's application of federal

law," '[a] federal habeas court may grant the writ if the state court identifies the correct

governing principle from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case.'"  Humphries v. Ozmint, 397 F.3d 206, 216 (4th

Cir. 2005) (quoting Williams).  Further, "an 'unreasonable application of federal law is

different from an incorrect application of federal law,' because an incorrect application of

federal law is not, in all instances, objectively unreasonable."  Id.  "Thus, to grant [a]

habeas petition, [the court] must conclude that the state court's adjudication of his claims

was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d

691, 719 (4th Cir. 2004).  "A state court's determination that a claim lacks merit precludes

federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

### *Exhaustion Requirements*

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."

17

Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them.

Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Ground Two of the instant Petition is procedurally defaulted because the PCR court failed to address the claim as is required by S.C. Code Ann. § 17-27-80 and PCR counsel for the applicant did not make a motion to alter or amend the PCR court's judgment, pursuant to Rule 59(e), SCRCP. Failure to do so results in the application of a procedural

18

bar by the South Carolina Supreme Court. See Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009);   Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C. 2007).  Petitioner alleges that the procedural default should be excused based on his PCR counsel's ineffectiveness, which resulted in actual prejudice to Petitioner and/or a miscarriage of justice, because Petitioner is actually innocent of the crime to which he pled guilty. Exhaustion and procedural bar are more fully discussed, below, in the context of Ground Two and Petitioner's claim that his PCR counsel's ineffective assistance constituted the cause of the procedural default on this ground.

## VI.  DISCUSSION

### Ground One is Without Merit

Petitioner complains that counsel provided incorrect sentencing advice which he relied upon in pleading guilty.  (ECF No. 1, p. 6).  Petitioner cites, in support of his allegation, the he "testified at the state evidentiary hearing that defense counsel told him to plead guilty and he would get a 30 year sentence, or if he went to trial, he would receive a life sentence." (ECF No. 1, p. 6).  The PCR judge, in denying relief, acknowledged Petitioner's testimony, but found Petitioner "completely lacking in credibility" given that the transcript from the guilty plea reflected that the plea judge specifically advised Petitioner that he could be sentenced "'between thirty years and life,'" and Petitioner acknowledged "that no promises had been made."  (ECF No. 1, p. 76).  Respondent asserts that this was a reasonable factual determination which supports a conclusion that counsel was not ineffective and the plea was not involuntary.

It is beyond dispute that "a guilty plea must be both knowing and voluntary."  Parke v. Raley, 506 U.S. 20, 29 (1992).  See also Boykin v. Alabama, 395 U.S. 238, 242 (1969)

19

("a guilty plea should only be accepted where the record evidences 'an affirmative showing that it was intelligent and voluntary.'").  "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970).  The key analysis in reviewing a plea for voluntariness is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Raley, 506 U.S. at 29, quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

To be entitled to relief on an ineffective assistance claim, Petitioner had to have shown in state court that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).  "In the context of a guilty plea, the petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000), quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).  However, the review of

20

ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). Additionally, each step in the review process requires deference – deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both "highly deferential," <u>id.</u>, at 689, 104 S.Ct. 2052; <u>Lindh v. Murphy</u>, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, <u>Knowles</u>, 556 U.S., at ——, 129 S.Ct. at 1420. The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland's</u> deferential standard.

<u>Harrington v. Richter</u>, 131 S. Ct. at 788.

Additionally, the review of ineffective assistance of counsel claims where the charges resulted in a guilty plea require even more deference:

> Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial.... The added uncertainty, that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance....

<u>Premo v. Moore</u>, 562 U.S. ___, 131 S.Ct. 733, 745 (2011).

Respondent argues that the dispositive fact for Ground One is whether there was a promise of a thirty (30) year sentence. Petitioner testified at the PCR hearing that counsel told him he would receive a (30) year if he entered a guilty plea, but a life sentence

if he went to trial.  He testified that, given those choices, a sentence of thirty (30) years was preferable. (R. 21-1, p. 54).  Plea counsel testified that Petitioner never wished to go trial, and wanted to plead guilty. (R. 21-1, p. 67). Plea counsel testified she entered negotiations on behalf of Petitioner, and was offered a dismissal of a burglary first degree charge and no recommendation on the plea to murder.  Id.  When asked if she promised Petitioner a thirty (30) year sentence, she testified: "Absolutely not."  Id.  At the plea, Petitioner advised the plea judge that no promises were made to him to induce the plea, and he was "pleading guilty because [he] did stab this lady in the chest."  (R. 21-1, p. 15).  The plea judge specifically advised: "the State had not made any recommendation to me in this case, which means I am free to sentence you anywhere between thirty years and life in prison." Id.  Petitioner advised the plea judge that no one had promised him anything to plead. Id. Later in the plea, Petitioner pointedly confirmed his understanding that the plea judge would "sentence [him] somewhere between thirty years and life."  (R. 21-1, p. 17).

Respondent argues that the record fully and fairly supports the PCR judge's factual findings that Petitioner was aware that there were no promises.  The only evidence to the contrary was Petitioner's own testimony.  Based on the irreconcilable discrepancies in the PCR testimony with the sworn statements at the plea, the fact that Petitioner testified that he had previously lied under oath, and in light of counsel's testimony at the PCR hearing, (see R 21-1, pp. 61-64; pp. 71-72; p. 78), the PCR judge reasonably found that Petitioner's testimony was not credible.  This is a factual determination entitled to deference in this action.  Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008); see also 28 U.S.C. § 2254(e)(1); Marshall v. Lonberger, 459 U.S. 422, 434, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor

has been observed by the state trial court, but not by them"). Petitioner may overcome this presumption of correctness only by showing "clear and convincing evidence to the contrary." Wilson v. Ozmint, 352 F.3d 847, 858-59 (4th Cir. 2003) quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (internal citations omitted). Petitioner has shown no cause to discount this finding, and none is readily apparent, (R. 21-1, pp. 19-20), especially where the PCR judge gave detailed reasons for the credibility analysis. (R. 21-1, p. 78). (See also R. 21-1, pp. 61- 64, PCR judge directly questioning Petitioner at PCR hearing, and pp. 71-72, credibility ruling on record at conclusion of hearing: "… having reviewed everything that this gentleman said to Judge Williams as opposed to everything that he has testified to today, I have no confidence at all in his credibility. I do not find him credible at all. He may be as incredible as any witness I have heard in 13 years of being on the bench.").

In sum, the record fully supports that Petitioner entered his plea with full knowledge of his potential sentence. Counsel was not ineffective in her sentencing advice and the plea was not involuntary. The PCR judge reasonably rejected Petitioner's allegation of ineffective assistance. Therefore, Petitioner is not entitled to any relief in this action.

The PCR court rejected Petitioner's claims, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended, and with federal law. See Godinez v. State of South Carolina, No. 2008-CP-18-0416. Specifically, the PCR judge found that: (1) Petitioner failed to carry his burden of proof of demonstrating deficient performance of his counsel; (2) counsel's testimony was credible; (3) Petitioner's testimony was completely lacking credibility; (4) Petitioner failed to produce any credible evidence that would have affected his decision to plead guilty; (5) counsel was

23

not ineffective with regard to her investigation; (6) an interpreter was present with Petitioner during his guilty plea; (7) Petitioner acknowledged at the PCR hearing that the plea judge informed him that he could be sentenced between thirty years and life; (8) Petitioner informed the plea court that no promises had been made; (9) nonetheless, Petitioner asserts that he was surprised to receive a sentence of forty (40) years and would not have pled guilty if he thought he could receive such a sentence; (10) based on a review of the plea transcript and observation of the witness at the PCR hearing, Petitioner was completely lacking in credibility; (11) any misapprehension that Petitioner may have had about his potential sentence was cured during the plea colloquy; (12) Petitioner clearly understood that he could receive up to a life sentence, and his hope that his plea would result in a minimal sentence does not equal a misapprehension regarding the range of sentences possible;  (13) counsel made no error in regard to advising Petitioner about his possible sentence; (14) Petitioner failed to demonstrate prejudice; (15) because Petitioner acknowledged his awareness that he could receive a life sentence as a result of his plea, his contention that he would not have pled had he known he could receive a sentence of forty (40) years strains credulity; (16) the plea transcript reflects that Applicant was informed of his right to an appeal and that his attorney could tell him how to file an appeal; (17) Petitioner testified that he thought there was nothing else to do because he had pled guilty and that his attorney told him she could not do anything because he pled guilty; (18) counsel stated that they did not have a conversation about an appeal after Petitioner's plea; (19) based on the testimony, it appears that counsel did not consult with Petitioner about an appeal following his guilty plea, nor did Petitioner specifically request an appeal; (20) counsel has a constitutionally-imposed duty to consult with a defendant about an

24

appeal when there is reason to think either (a) that a rational defendant would want to appeal, or (b) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing, based on Roe v. Flores-Ortega, 528 U.S. 470,120 S.Ct. 1029(2000); (21) counsel's reasonableness in this regard will be based on all the information counsel knew or should have known; (22) a highly relevant factor is whether the conviction was a result of a guilty plea, and Petitioner entered a guilty plea; (23) the plea court informed Petitioner that he should file a notice of appeal within ten days and that his attorney could tell him how to do so; (24) there is no credible evidence that Petitioner requested an appeal be filed; (25) Petitioner pointed to no non-frivolous issue which could have been raised on appeal; (26) counsel testified that Petitioner had desired to enter a guilty plea all along, thus seeming to have a desire to end the proceedings; (27) based on these circumstances, counsel's failure to consult with Petitioner regarding an appeal was not unreasonable in this case; (28) Petitioner's did not establish any constitutional violations or deprivations that would require the PCR court to grant his APCR.  (R. 21-1, pp. 74-80).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence), cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir 2000) (en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim in Ground One was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 (Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims which were raised and properly exhausted in state court, as well any factual findings related to his claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985).

In Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective."  Instead, an appropriate analysis of prejudice should also consider "whether the result of the proceeding was fundamentally unfair or unreliable."  Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence  solely because the outcome would have been different but for counsel's error."  See Williams v. Taylor, 163 F.3d 860, 1998 WL 883336 (4th Cir. Va. 1998) (quoting Lockhart, at 369-70).

Based on the testimony put forth at the post-conviction hearing, the PCR court found trial counsel was credible and Petitioner was not credible.[4]  Ultimately, the PCR court determined that Petitioner failed to carry his burden of proof as to prejudice.  Even if this Court were to accept Petitioner's unsubstantiated assertions regarding the facts in this case, he has shown no prejudice because it is clear in the record that the plea court also went over the facts of the case and Petitioner's rights prior to the acceptance of the plea, following which Petitioner admitted he had committed the crime and entered his plea of guilty.  Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ("A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both.") (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000).  See Sargent v. Waters, 71 F.3d 158, 160 (1995) ("The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question

---

[4]  At the conclusion of the PCR hearing the PCR judge made the following preliminary finding:

> Very well. Of course, I will continue to consider this matter.  However, I don't mind putting on the record at this point, having looked at the transcript, having reviewed the transcript, having reviewed everything that this gentleman said to Judge Williams as opposed to everything that he has testified to today, I have no confidence at all in his credibility.  I do not find him credible at all.  He may be as incredible as any witness I have heard in 13 years of being on the bench.  So -- but I will certainly continue to -- to review these matters, and notify you all of my -- of my decision. And thank you all so very much for your efforts. I do appreciate them....

(R. 21-1, pp. 71-72)

of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute.") (quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).

There is no basis in this record to overturn the findings of the State Court or to find that Petitioner's claims in Grounds One entitle Petitioner to relief.    Petitioner's counterfactual arguments about what he would have done if he had been provided with better legal advice do not outweigh the double deference that this Court owes to the PCR court's ruling.   Petitioner has not submitted clear and convincing evidence that the PCR court's findings of fact were incorrect.   Petitioner's first ground is without merit.

### *Ground Two is Procedurally Barred*

Petitioner alleges "that counsel informed him there was an agreement to a thirty (30) year sentence," which apparently would be the basis for the motion to enforce. (ECF No. 1, p. 2).   However, Respondent argues that, for all the reasons set out above in the discussion of Ground One, the PCR judge reasonably found that no "agreement to a thirty (30) year sentence" existed.   Thus, counsel could not be ineffective for failing to seek to enforce an agreement that did not exist.

This issue was not presented and ruled on in Petitioner's state court proceedings. Specifically, the allegation raised in Ground Two, i.e. "trial counsel did not provide the effective assistance of counsel by failing to motion the trial court to enforce the oral plea agreement," was not previously properly raised and exhausted in his state court proceedings.  See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999) ("In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . .   That requires 'the ground relied upon

29

[to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.) (quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995) (quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).

Petitioner did not raise this issue as presented in this federal Petition in his APCR, and also did not file a motion for the PCR court to reconsider its order denying his APCR, even though such a motion was necessary if he wanted to assert or preserve this claim. <u>Al-Shabazz v. State</u>, 527 S.E.2d 742, 747 (S.C. 2000) (A "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order.") (citing <u>Pruitt v. State</u>, 423 S.E.2d 127, 128 n. 2 (S.C. 1992) (issue must be raised and ruled on by the PCR judge in order to be preserved for review); <u>Marlar v. State</u>, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."); <u>Humbert v. State</u>, 548 S.E.2d 862, 865 (S.C. 2001); <u>Plyler</u>, 424 S.E.2d at 478-480 (issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review); <u>see</u> <u>also</u> Rule 59(e), SCRCP (providing the avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order); <u>Primus v. Padula</u>, 555 F.Supp.2d 596, 611 (D.S.C. 2008); <u>Smith v. Warden of Broad River Correctional Inst.</u>, No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); <u>McCullough v. Bazzle</u>, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007) (citing <u>Al-Shabazz</u>, 577 S.E.2d at 747).

Since Petitioner did not make a post-trial motion to request that these issues be addressed, these issues were not properly preserved in Petitioner's APCR and lower state

court proceedings, nor were they presented on appeal.[5]    See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009) (Finding that although Petitioner attempted to raise the issue in his PCR appeal, the issue was procedurally barred where PCR court did not rule on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue); White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007) (citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992) (issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008).  Further, because Petitioner did not properly raise and preserve this issue in his APCR and state court proceedings, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991) (post-conviction relief); and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ("A claim that has not been presented to the highest state court

---

[5]  The Fourth Circuit has held that, prior to the decision of the South Carolina Supreme Court in Marlar, South Carolina courts had not consistently applied the procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion.  See Bostick v. Stevenson, 589 F.3d 160, 164-165 (4th Cir. 2009).  Here, however, the PCR court's order was filed on March 25, 2011, well after the South Carolina Supreme Court's decision in Marlar in November of 2007.  Therefore, Petitioner's failure to file a Rule 59(e) motion regarding this issue bars this claim.  See Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188 (4th Cir. May 25, 2011).

nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."), cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though exhausted, because this issue was not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner argues that, to the extent that this issue is procedurally defaulted, he should still be allowed to pursue it because any default is due to the ineffective assistance of his PCR counsel. The United States Supreme Court has held that "if the procedural

default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994) ("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994) (en banc).

However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and this Court has previously held that ineffective assistance of PCR counsel (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and is not therefore "cause" for a procedural default.  Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."); Mackall v. Angelone, 131 F.3d 442, 447-49 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992);

33

Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).  However, the

Supreme Court has recently held that Martinez provided:

> that a "narrow exception" should "modify the unqualified statement in
> Coleman that an attorney's ignorance or inadvertence in a postconviction
> proceeding does not qualify as cause to excuse a procedural default."
> Martinez, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons.  First, the
> "right to the effective assistance of counsel at trial is a bedrock principle in
> our justice system . . . . Indeed, the right to counsel is the foundation for our
> adversary system." Id. at ___, 132 S.Ct. at 1317.
> Second, ineffective assistance of counsel on direct appellate review could
> amount to "cause", excusing a defendant's failure to raise (and thus
> procedurally defaulting) a constitutional claim. Id. at ___, 132 S.Ct. at 1316,
> 1317.  But States often have good reasons for initially reviewing claims of
> ineffective assistance of trial counsel during state collateral proceedings
> rather than on direct appellate review.  Id. at ___, 132 S.Ct. at 1317-1318.
> That is because review of such a claim normally requires a different attorney,
> because it often "depend[s] on evidence outside the trial record," and
> because efforts to expand the record on direct appeal may run afoul of
> "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . .
> to investigate the ineffective-assistance claim." Id. at ___, 132 S.Ct. at 1318.
>
> Third, where the State consequently channels initial review of this
> constitutional claim to collateral proceedings, a lawyer's failure to raise an
> ineffective assistance of counsel claim during initial-review collateral
> proceedings, could (were Coleman read broadly) deprive a defendant of any
> review of that claim at all.  Martinez, supra at ___, 132 S.Ct. at 1316.  We
> consequently read Coleman as containing an exception, allowing a federal
> habeas court to find "cause," thereby excusing a defendant's procedural
> default, where (1) the claim of "ineffective assistance of trial counsel" was a
> "substantial" claim; (2) the "cause" consisted of there being "no counsel" or
> only "ineffective" counsel during the state collateral review proceeding; (3)
> the state collateral review proceeding was the "initial" review proceeding in
> respect to the "ineffective-assistance-of-trial counsel claim"; and (4) state law
> requires that an "ineffective assistance of trial counsel [claim] . . . be raised
> in an initial-review collateral proceeding." Martinez, supra at ___, 132 S.Ct.
> at 1318-1319, 1320-1321.

Trevino v. Thaler, 133 S.Ct. 1911, 1917-18 (2013); Gray v. Pearson, No. 12-5, ___ F.

App'x ___, 2013 WL 2451083 at * 2 (4th Cir. June 7, 2013) ("The Supreme Court had

previously held in Coleman that because a habeas petitioner has no constitutional right to

counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel cannot establish "cause" to excuse a procedural default." Coleman, 501 U.S. at 757.  The Court established an exception to that rule in Martinez.").  Because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause" for his default has been considered herein below under the revised standard of Martinez and Trevino.

With regard to the first requirement of the Martinez exception, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit."  Gray, 2013 WL 2451083 at * 2.  Therefore, Petitioner must show that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding and that, but for her errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter.  Ford v. McCall, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013) (citing Horonzy v. Smith, No. 11-234, 2013 WL 3776372 at * 6 (D. Idaho Sept. 12, 2012) ("The application of the Strickland test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter.  This standard is a high one.")

35

Here, Petitioner has failed to show that his PCR counsel's representation was objectively unreasonable and that there is a reasonable probability that he would have received relief on this defaulted claim if it had been asserted in his state APCR. See discussion of Grounds One and Three.[6] By failing to show any substantial ineffective assistance on this claim, Petitioner has failed to show cause for his procedural default on this issue. Accordingly, this claim is procedurally barred. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court.").

Petitioner asserts that he is actually innocent. However, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type which supports his innocence on the criminal charge to which he pled guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

---

[6] This finding is intertwined with the law and findings on Petitioner's claim of ineffective assistance of counsel and involuntary guilty plea based on trial counsel's alleged failure to correctly advise Petitioner as to the sentence he faced. The PCR court found no credible evidence that trial counsel was ineffective, and specifically that there is no credible evidence that a plea agreement for a sentence of thirty (30) years existed and no credible evidence that trial counsel advised Petitioner that he would receive a thirty-year sentence if he pled guilty. In the absence of any credible evidence of such plea agreement and in the face of such findings, Petitioner's PCR counsel was not ineffective in failing to file a motion that the PCR court alter or amend its judgment in order to preserve a meritless claim that Petitioner's trial court should have enforced the alleged oral plea agreement.

or critical physical evidence - that was not presented at trial."); <u>Doe</u>, 391 F.3d at 161 (quoting <u>Schlup</u> for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F. Supp. 876, 881 (S.D. Fla. 1995). Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254; <u>see</u> <u>also</u> discussion, supra and infra.

The PCR court found and the undersigned finds that Petitioner has not provided any credible evidence that he is actually, factually innocent. While Petitioner contends that he only went forward with the plea because he thought he had to lie and thought that he was going to receive a sentence of thirty (30) years, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. <u>Via v. Superintendent, Powhatan Correctional Center</u>, 643 F.2d 167, 171 (4th

37

Cir. 1981).  Petitioner has failed to show that his counsel was ineffective on these claims.

Therefore, even if this issue were not procedurally defaulted, it is without merit and would

be dismissed on that basis.  <u>Evans</u>, 220 F.3d at 312 (Federal habeas relief will not be

granted on a claim adjudicated on the merits by the state court unless it resulted in a

decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000);

<u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) (Determination of a factual issue by the

state court shall be presumed correct unless rebutted by clear and convincing evidence);

<u>Sargent</u>, 71 F.3d at 160 (historical facts underlying guilty pleas are entitled to deference);

<u>see</u> <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969); <u>Smith</u>, 528 F.2d at 809 (Petitioner bears the

burden of proving his allegations when seeking a writ of habeas corpus.).

### *Ground Three is Without Merit*

Petitioner alleges that he "did not knowingly waive his right to a direct appeal

following sentencing and testimony shows he was not informed of that right."  (ECF No.1,

p. 9).  Specifically, Petitioner claims the "PCR Court erred in finding counsel was not

ineffective when counsel failed to file a notice of appeal."  <u>Id.</u>  The PCR judge noted the

transcript from the plea "reflects that [Petitioner] was informed of his right to an appeal and

that this attorney could tell him how to file an appeal."  (R. 21-1, p. 78).  The PCR judge

found that there was "no credible evidence that Applicant requested an appeal be filed."

<u>Id.</u>  Further, while the PCR judge found that counsel failed to consult with Petitioner about

an appeal, the PCR judge concluded that "failure to consult with [Petitioner] regarding an

appeal [was] not unreasonable in this case."  <u>Id.</u>  Relying on <u>Roe v. Flores-Ortega</u>, 528

U.S. 470 (2000), the PCR judge found that plea counsel's testimony that Petitioner "had

desired to enter a guilty plea all along" and "seem[ed] to have a desire to end the proceedings" weighed heavily in whether to find error in the failure to consult. Id. Again, the PCR judge's ruling is well-supported by the record and reflects a reasonable application of the relevant federal law.

In Roe v. Flores-Ortega, the United States Supreme Court instructed:

> If counsel had consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonably manner only by failing to follow the defendant's express instruction with respect to an appeal.

528 U.S. at 478. (emphasis added). However, the Supreme Court noted the separateness of the duty to consult and to file:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.

Id. (emphasis added).[7]

While the PCR judge addressed both the duty to consult and the duty to file, Petitioner here alleges only a failure regarding the duty to file. It is clear that "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v.

---

[7] The Fourth Circuit has followed the Supreme Court's precedent regarding the separateness of the issues in Singleton v. Eagleton, 425 F. App'x 228, 231 (4th Cir. 2011). Essentially, Singleton supports that both the duty to consult and the duty to file must be exhausted to have both addressed on the merits in a federal habeas action.

Flores-Ortega, 120 S.Ct. at 1035).  There was no such failure evident in the record before

the PCR judge.

The record of the guilty plea demonstrates there was no question that Petitioner was

aware of his right to seek an appeal from the plea and sentence – the plea judge

specifically advised him that he had that right and his counsel could tell him about filing a

notice:

> Q. Do you understand, if you wanted to file an appeal in this case you would
> have to do that within ten days. If you want to file an appeal you would have
> to do it within ten days. After ten days its too late. Do you understand that?
> A. Yes, Sir.
> Q. And I'm sure Ms. Lamatti will tell you how to do that.
> A. Yes, Sir.

(R. 21-1, pp. 16-17).

Petitioner testified at the PCR hearing that he asked plea counsel for an appeal.

(R. 21-1, p. 56).  Petitioner also conceded that he heard and understood the plea judge's

advice, "[b]ut then [… he…] heard from Ms. LeMatty that I had already made my decision

to enter guilty plea, and there was nothing I could do to change that." (R. 21-1, p. 56-57).

Plea counsel testified at the PCR hearing that she did not remember either discussing filing

or Petitioner asking her to file a notice of intent to appeal.  (R. 21-1, pp. 69, 71).  And, as

noted in response to Ground One, plea counsel testified Petitioner had consistently

expressed that he wanted to plead guilty.[8]  (See R 21-1, p. 67).  The PCR judge had

---

[8]  This fact was appropriately considered in determining that consultation was
unnecessary:

> We cannot say, as a constitutional matter, that in every case counsel's
> failure to consult … is necessarily unreasonable, and therefore deficient.
> …  For example, suppose that a defendant consults with counsel; counsel
> advises the defendant that a guilty plea probably will lead to a 2 year

already determined, for the reasons stated above in the discussion of Ground One, that

Petitioner was not credible. Those same reasons are present in the PCR court's

evaluation of Petitioner's testimony concerning the appeal. Once again, the PCR judge

found that Petitioner's assertions at the PCR evidentiary hearing could not be reconciled

with his assertions at the plea. Further, Petitioner testified that he lied under oath at the

plea in an attempt to have his testimony at the PCR hearing to be believed. (See R 21-1,

---

sentence; the defendant expresses satisfaction and pleads guilty; the
court sentences the defendant to 2 years' imprisonment as expected and
informs the defendant of his appeal rights; the defendant does not
express any interest in appealing, and counsel concludes that there are
no non frivolous grounds for appeal. Under these circumstances, it would
be difficult to say that counsel is 'professionally unreasonable,' as a
constitutional matter, in not consulting with such a defendant regarding an
appeal. Or, for example, suppose a sentencing court's instructions to a
defendant about his appeal rights in a particular case are so clear and
informative as to substitute for counsel's duty to consult. In some cases,
counsel might then reasonably decide that he need not repeat that
information.

Roe v. Flores-Ortega, 528 U.S. at 479-480 (citation omitted). Accord Jones v. State,
382 S.C. 589, 596, 677 S.E.2d 20, 23 (2009) ("Absent extraordinary circumstances,
there is no constitutional requirement that a defendant be informed of the right to a
direct appeal from a guilty plea.").

Here, Petitioner told plea counsel he wanted to plead, he did not want a trial,
and, though there was no recommendation, he did not receive the maximum sentence
and another serious charge was dropped. Further, not only was there a lack of "non
frivolous grounds for appeal," Roe v. Flores-Ortega, 528 U.S. at 480, which may foster
a reason to believe the client would want to appeal, Petitioner had no available issues
for appeal. The preservation rules apply equally to pleas as to trials. See State v.
Lopez, 352 S.C. 373, 378-379, 574 S.E.2d 210, 213 (S.C. Ct. App. 2002) ("absent
timely objection at plea proceeding, unknowing and involuntary nature of guilty plea can
be attacked only through the more appropriate channel of post-conviction relief") (citing
State v. McKinney, 278 S.C. 107, 292 S.E.2d 598 (1982). Because Petitioner did not
object to anything at the plea, there were no grounds that could have been raised on
the merits in the direct appeal regarding the voluntary nature of the plea or the
sentence imposed.

41

pp. 61-64).  Therefore, the PCR judge reasonably concluded that "[t]here is no credible

evidence that Applicant requested an appeal be filed." (R. 21-1, p. 79).  Petitioner failed

to show clear and convincing evidence to undermine this finding.  Consequently, the

factual findings control.

      In short, Petitioner failed to show counsel was ineffective in failing to file a notice of

appeal at his direction, as he failed to establish by credible competent evidence that he

instructed counsel to file a notice of appeal.  Again, the record well supports the PCR

judge's findings of fact and demonstrates a reasonable application of the relevant federal

law.  Petitioner is not entitled to any relief on Ground Three.

      These issues were raised in Petitioner's APCR, where Petitioner had the burden of

proving the allegations in his petition.  Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985),

cert. denied, 474 U.S. 1094 (1986).  The PCR court rejected these claims, making relevant

findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80

(1976), as amended, and federal law.  See Godinez v. State of South Carolina, No.

2008-CP-18-0416.  In the particular circumstances of this case, the PCR court concluded

that counsel was justified in believing that a rational defendant in Petitioner's situation

would not want to appeal.  In addition to entering a guilty plea, in which Petitioner admitted

his guilt and accepted punishment for the crime, Petitioner acknowledged several times

during the plea colloquy that he understood that the trial judge could sentence him to

anywhere from thirty (30) years to life imprisonment.  No nonfrivolous grounds for appeal

remained that would have put counsel on notice that a reasonable defendant would have

wanted to appeal.  See Flores-Ortega, 528 U.S. at 479-80.  Although Petitioner now

contradicts his testimony from his guilty plea, his former representations, as well as the

findings by the judge accepting his plea and the findings by the PCR judge, constitute a formidable barrier in this proceeding.  Blackledge, 431 U.S. at 73-74. Petitioner has not met the standard for relief set forth in § 2254, and therefore Petitioner's habeas corpus petition should be dismissed with prejudice.

## VII.  CONCLUSION

Wherefore, it is RECOMMENDED that the Motion for Summary Judgment filed by Respondent (ECF No. 20) be GRANTED, and Petitioner's § 2254 Petition should be DISMISSED WITH PREJUDICE.   It is further RECOMMENDED that a certificate of appealability be DENIED.[9]

**IT IS SO RECOMMENDED**.

s/Bruce H. Hendricks
United States Magistrate Judge

December 2, 2013
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

─────────────────────

[9]  Title 28, Section 2253 provides in relevant part,

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253.  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  In the case sub judice, the legal standard for a certificate of appealability has not been met.  The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).